1  McGREGOR W. SCOTT
   United States Attorney
2  VINCENTE A. TENNERELLI
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                  IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO.  1:19-CR-00178-DAD-BAM

12                 Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
13         v.                          AND ORDER

14  AKOP DONGELYAN and ARTAK           DATE: June 22, 2020
    VARDANYAN,                         TIME: 2:00 p.m.
15                                     COURT: Honorable Barbara A. McAuliffe
                   Defendants.
16

17         This case is set for a status conference on June 22, 2020. On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were

23  entered to address public health concerns related to COVID-19.

24         Although the General Order and declarations of emergency addresses the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26

27  _____

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order and declarations of judicial emergency excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigation, review discovery, and

1   discuss possible resolutions with the government and their clients. If continued, this Court should

2   designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir.

3   2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

5   Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6   through defendant's counsel of record, hereby stipulate as follows:

7   1.   By previous order, this matter was set for status on June 22, 2020.

8   2.   By this stipulation, defendants now move to continue the status conference until

9   September 14, 2020, and to exclude time between June 22, 2020, and September 14, 2020, under 18

10   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

11   3.   The parties agree and stipulate, and request that the Court find the following:

12   a)   The government has represented that the discovery associated with this case

13   includes investigative reports, financial records, and surveillance footage and exceeds 33,000

14   pages. All of this discovery has been either produced directly to counsel and/or made available

15   for inspection and copying.

16   b)   Counsel for defendants desire additional time to consult with their clients, review

17   the current charges, conduct investigation, review discovery, and discuss possible resolutions

18   with the government and their clients.

19   c)   Counsel for defendants believe that failure to grant the above-requested

20   continuance would deny them the reasonable time necessary for effective preparation, taking into

21   account the exercise of due diligence.

22   d)   The government does not object to the continuance.

23   e)   Based on the above-stated findings, the ends of justice served by continuing the

24   case as requested outweigh the interest of the public and the defendant in a trial within the

25   original date prescribed by the Speedy Trial Act.

26   f)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

27   et seq., within which trial must commence, the time period of June 22, 2020 to September 14,

28   2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  June 15, 2020                          McGREGOR W. SCOTT
                                               United States Attorney


                                               /s/ VINCENTE A.
                                               TENNERELLI
                                               VINCENTE A. TENNERELLI
                                               Assistant United States Attorney


Dated:  June 15, 2020                          /s/ RICHARD OBERTO
                                               RICHARD OBERTO
                                               Counsel for Defendant
                                               AKOP DONGELYAN

Dated:  June 15, 2020                          /s/ MICHAEL H. ARTAN
                                               MICHAEL H. ARTAN
                                               Counsel for Defendant
                                               ARTAK VARDANYAN


## ORDER

IT IS SO ORDERED that the Status Conference is continued from June 22, 2020, to **September 14, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:  **June 16, 2020**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE